# EXHIBIT A

Case 8:22-cv-01451-DOC-ADS Document 1-2 Filed 08/05/22 Page 2 of 12 Page ID #:16
Electronically Filed by Superior Court of California, County of Orange, 06/28/2022 03:10:34 PM.
30-2022-01267454-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

Maribel B. Ullrich, Esq. SBN 246970
LAW OFFICES OF MARIBEL ULLRICH
20042 Beach Boulevard, Suite 100
Huntington Beach, CA 92648
Tel.: (714)465-9646
Fax: (714)274-9710
Email: maribel@mullrichlaw.com

Attorney for Plaintiff,
MARIA D. TOCHIHUITL TEPOZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

| | |
|---|---|
| MARIA D. TOCHIHUITL TEPOZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>EXPRESS SERVICES, INC.; EATON CORPORATION; POWER DISTRIBUTION, INC.; and DOES 1 to 100, Inclusive;<br><br>Defendants. | Case No.: 30-2022-01267454-CU-WT-CJC<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>Judge Gregory H. Lewis<br><br>COMPLAINT FOR DAMAGES<br><br>1. WRONGFUL EMPLOYMENT TERMINATION (Gov. Code § 12940);<br><br>2. RETALIATION (Gov. Code §12940(h));<br><br>3. HARASSMENT (Gov. Code §12940(j)); and<br><br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br><br>DEMAND FOR JURY TRIAL |

1

COMPLAINT

**NOW COMES PLAINTIFF** MARIA D. TOCHIHUITL TEPOZ (hereinafter referred to as "PLAINTIFF") to allege, and complain against Defendants EXPRESS SERVICES, INC.; EATON CORPORATION AND POWER DISTRIBUTION, INC.; and DOES 1 to 100, inclusive (hereinafter referred to as ('DEFENDANTS') as follows:

## I.

## JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in this Court because some or all of the claims alleged herein arose in Orange County and some or all of the parties were and/or are residents of Orange County or are doing or did business in Orange County at all times relevant herein.

2. PLAINTIFF has met all of the jurisdictional requirements for proceeding with her claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, Section 12960, *et seq.*, by timely filing administrative complaints with the Department of Fair Employment and Housing ("DFEH") and receiving a Notice of Case Closure and a Right to Sue letter ("Right To Sue Letter"). In addition, PLAINTIFF has complied with the Requirements of California Government Code §12962 by serving DEFENDNATS with her DFEH Charges and Right-to-Sue Letter.

## II.

## PARTIES

**PLAINTIFF:**

3. At all times herein mentioned, PLAINTIFF was and is a resident of the County of Orange, State of California.

**NAMED DEFENDANTS:**

4. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS at all times mentioned in this complaint, are doing business in the State of California, operating, and doing business in the City of Santa Ana, County of Orange.

**DOE DEFENDANTS:**

5. The true names or capacities, whether individual, associate or otherwise, of Doe Defendants 1-100, inclusive, are unknown to PLAINTIFF and, therefore, PLAINTIFF sues these

Doe Defendants by such fictitious names. PLAINTIFF will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously named Doe Defendants is responsible in some manner for the occurrences alleged herein, and that PLAINTIFF'S injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Doe Defendants.

**AGENCY/CO-CONSPIRATOR STATUS OF EACH DEFENDANT:**

6. Each of the individual Doe Defendants is sued individually and in his/her/its or his/her/its capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of Defendants, EXPRESS SERVICES, INC.; EATON CORPORATION AND POWER DISTRIBUTION, INC.

7. PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein, EXPRESS SERVICES, INC.; EATON CORPORATION AND POWER DISTRIBUTION, INC., including the Doe Defendants, acted in concert and in furtherance of each other's interest. The acts of any Doe Defendants, as described herein, were known to and ratified by EXPRESS SERVICES, INC.; EATON CORPORATION AND POWER DISTRIBUTION, INC. The acts and conduct of any and all Defendants as described herein, were not a normal part of PLAINTIFF'S employment and were not the result of a legitimate business necessity.

### III.

### FACTUAL BACKGROUND

8. PLAINTIFF was hired by EXPRESS SERVICES, INC., Employment Agency, and placed to work with EATON CORPORATION AND POWER DISTRIBUTION, INC., in the assembling department. After a year of working through the employment agency, she was hired directly by EATON CORPORATION AND POWER DISTRIBUTION, INC. She worked for these employers for five years and was fired in retaliation for taking a permitted and authorized vacation time.

9. PLAINTIFF asked for permission to take her vacation time and submitted her vacation request paperwork to Manager, Carlos Correa. He took the request and indicated that he

was submitting the request to Human Resources. PLAINTIFF'S request was submitted about two months before the vacation time.

10. PLAINTIFF also requested time off to take a driving test at the DMV. Unfortunately, she failed her driving test and had to request a second time off to retake the test. Mr. Correa refused to give her anymore time off. Due to her need to have a driver's license, she asked General Manager, Frank, to allow her time off for the test. He said, "ok Maria go, there is no problem." PLAINTIFF took the authorized time off.

11. A week after PLAINTIFF was given the time off for the driving test, she was given two warnings for the time she took off to take the tests even though she was given permission to do so. PLAINTIFF was so upset and stressed about getting the inexplicable warnings that she began to feel dizzy and felt like vomiting. When asked, PLAINTIFF indicated that she was very upset about the warnings given to her because they were not based on anything she did wrong. General Manager, Frank responded by saying, "if you don't miss any work from now until December, those two warnings will be erased. PLAINTIFF responded that it was impossible not to miss work because she had already requested her vacation time.

12. On September 23, 2021, Carlos Correa called PLAINTIFF to the office, to tell her that she could only take four days for her vacation time. A representative from Human Resources and General Manager Frank, were present at this meeting. PLAINTIFF informed them that she had booked her trip for six days. Frank told her that it was okay to leave and to have fun.

13. About 4:00 p.m. on September 23, 2021, Frank called PLAINTIFF, but when she answered, he hung up the phone. Frank called again and said, "Maria, do you know that you are violating the law?" She said, "why?" he responded, "Because you do not have permission to go." He went on to say that she needed to stay for the inventory. PLAINTIFF was confused because she had nothing to do with the inventory, she was not a manager or a supervisor. Frank insisted that she could only go four days. PLAINTIFF told them that she had already purchased an airplane ticket to go to Mexico for the six days. Frank just hung up the phone. PLAINTIFF went to Mexico as planned on September 24, 2021, and came back on October 5, 2021. She went back to work without any problems.

14. On October 8, 2021, PLAINTIFF hurt her arm with one of the doors causing her to develop a big bump and a huge bruise on her arm. This incident occurred Friday when she was about to leave so she was not able to report it that day.

4

COMPLAINT

15. On Tuesday, October 12, 2021, PLAINTIFF was called into the office again. Once there, Carlos Correa asked her why she did not report her injury. PLAINTIFF explained that when it happened on Friday, she was on her way out and there was no one to report it to. Correa and another individual from Human Resources indicated to PLAINTIFF that she was fired. They said that Frank told them to tell her that there was no more work for her. No one took PLAINTIFF to the company's doctor to check her arm.

16. PLAINTIFF went back to EXPRESS SERVICES, INC., the Employment Agency to apply for other employment with them and completed an application. She was told that there was a temporary job in Tustin in the packaging department that would last until December 2021, from 5:00 a.m. to 1:30 p.m. The representative of the Agency rescinded her offer to have PLAINTIFF work in this temporary job after she made a telephone call.

17. On Friday October 15, 2021, PLAINTIFF received a call from EXPRESS SERVICES, INC., and was asked if she wanted to work with EATON CORPORATION AND POWER DISTRIBUTION, INC. PLAINTIFF said, "isn't that the company that just fired me?" The lady from EXPRESS SERVICES, INC., said, "ok, let me see." She was never called back. It seemed to PLAINTIFF that EATON CORPORATION AND POWER DISTRIBUTION, INC was looking for a new employee to replace her and this is why they had the position opened with the employment agency.

18. PLAINTIFF filed a Demand for Arbitration on May 05, 2022. Defendants failed to pay the required Arbitration fees per the arbitration agreement. Defendants waived their right to arbitration.

19. PLAINTIFF asserts that she was wrongfully fired by these abusive employers in retaliation for requesting and taking her permitted vacation time. She also asserts that she was fired in retaliation for sustaining and reporting that she had hurt her arm while working for these DEFENDANTS.

## IV

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### WRONGFUL EMPLOYMENT TERMINATION CALIFORNIA GOVERNMENT CODE §12940

20. PLAINTIFF hereby incorporates the allegations of paragraphs 1 through 19 above as

5

COMPLAINT

though fully set forth herein.

21. On October 12, 2021, an employment relationship existed between PLAINTIFF and DEFENDANTS. On said date, DEFENDANTS wrongfully terminated PLAINTIFF in violation of a fundamental and substantial public policy, in that PLAINTIFF was terminated from her employment in retaliation for requesting and taking her permitted and authorized vacation time. In addition, she was fired in retaliation for sustaining and reporting that she had hurt her arm while working for these DEFENDANTS. She was singled out to be fired because she used a vacation time for which she had obtained permission to take two months prior to taking it. DEFENDANTS abused their position and gave PLAINTIFF warnings for taking authorized time off and upon complaining and protesting DEFENDANTS' conduct, she was fired four (4) days after falling and injuring her arm.

22. Government Code § 12940(h) states, "It is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (h) For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

23. California Government Code § 12940 states, "It is an unlawful employment practice for an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation of any person, to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

24. Government Code § 12920 expressly deems violations thereof in direct contradiction with the public policy of the state of California. It states that it is "declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."

25. As a direct and proximate result of said wrongful termination, PLAINTIFF has sustained economic damages for past and prospective loss of earnings and benefits, according to

proof.

26. As a direct and proximate result of said wrongful termination, PLAINTIFF has sustained general damages for severe mental and emotional distress in sums prayed.

27. DEFENDANTS acted with malice and oppression toward PLAINTIFF and with a conscious disregard of PLAINTIFF'S rights and PLAINTIFF is accordingly entitled to punitive and exemplary damages against DEFENDANTS in sums sufficient to punish it and set an example in view of their financial condition.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF GOV. CODE § 12940(h)

28. PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 to 27 as if set forth in full.

29. Government Code Section 12940(h) proscribes unlawful retaliation by employers against employees based on the employee having protested what the employee reasonably believes to be a violation of the law.

30. By virtue of the conduct set forth above, DEFENDANTS violated said statute in that a substantial motivating factor for such adverse employment actions was to retaliate against PLAINTIFF because she took her vacation time, which was authorized by DEFENDANTS. PLAINTIFF requested her vacation time two months in advance, was given permission to take the time off, and arranged a plane ticket to travel to Mexico. Despite doing everything that she needed to do for the time off and obtaining the okay for it, DEFENDANTS suddenly refused to allow her to take the time off. Furthermore, DEFENDANTS gave PLAINTIFF the okay to take time off to do her driving test but upon taking the time off, she was given warnings for taking them. This abusive, harassing and retaliatory conduct ceases when she eventually gets fired four days after falling and injuring her arm.

31. As a direct and proximate result of the said retaliation PLAINTIFF sustained economic damages for past and prospective loss of earnings and benefits, according to proof.

32. As a further and direct and proximate result of the said retaliation PLAINTIFF sustained general damages for severe mental and emotional distress in sums prayed.

33. DEFENDANTS acted with malice and oppression toward PLAINTIFF and with conscious disregard of PLAINTIFF'S rights and PLAINTIFF is accordingly entitled to punitive damages in sums sufficient to punish said DEFENDANTS and set an example in view of their financial condition.

34. PLAINTIFF is further entitled to an award of statutory attorney's fees for bringing this action pursuant to Gov. Code Sec. 12965(b).

## THIRD CAUSE OF ACTION

## STATUTORY HARASSMENT BASED ON FEHA IN VIOLATION OF GOV. CODE §12940(j)

35. PLAINTIFF restates and incorporates by reference each and every allegation contained in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. Government Code Section 12940(j) prohibits harassment by employers and supervisors against employees. PLAINTIFF is a member of the class of persons for whose protection said statute was enacted as an employee and DEFENDANTS are members of the class of entities whose wrongful conduct said statute was enacted to prevent as an employer of more than 5 persons.

37. By virtue of the factual allegations set forth above, DEFENDANT altered the conditions of PLAINTIFF'S employment and/or created an abusive working environment in violation of Cal. Gov. Code Sec. 12940(j).

38. By virtue of the factual allegations set forth above, DEFENDANT breached said statute in that a substantial motivating factor in the harassment of PLAINTIFF was to retaliate against PLAINTIFF because she took her vacation time, which was authorized by DEFENDANTS. PLAINTIFF requested her vacation time two months in advance, was given permission to take the time off, and arranged a plane ticket to travel to Mexico. Despite doing everything that she needed to do for the time off and obtaining the okay for it, DEFENDANTS suddenly refused to allow her to take the time off. Furthermore, DEFENDANTS gave PLAINTIFF the okay to take time off to do her driving test but upon taking the time off, she was given warnings for taking them. This abusive, harassing, and retaliatory conduct ceases when she eventually gets fired four days after falling and injuring her arm.

39. As a direct and proximate result of the said unlawful harassment, PLAINTIFF sustained economic damages for past and prospective loss of earnings and benefits, according to proof.

40. As a further direct and proximate result of said unlawful harassment, PLAINTIFF sustained general damages for severe mental and emotional distress in sums prayed.

41. DEFENDANTS acted with malice and oppression toward PLAINTIFF with conscious disregard of PLAINTIFF'S rights and PLAINTIFF is therefore entitled to punitive damages against DEFENDANTS in sums sufficient to punish and set an example in view of their financial condition.

42. PLAINTIFF is further entitled to an award of statutory attorney's fees in bringing this action pursuant to Government Code §12965(b).

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. As described above, DEFENDANTS and/or their agents/employees engaged in outrageous conduct towards PLAINTIFF which went outside the employment relationship, with the intention to cause, or with reckless disregard for the probability of causing PLAINTIFF to suffer physical and emotional distress. PLAINTIFF was so upset about DEFENDANTS' conduct described above, that she became highly stressed and dizzy with severe desires to vomit. To the extent that said outrageous conduct was perpetrated by certain employee of DEFENDANTS, and DEFENDANTS ratified said conduct with the knowledge that PLAINTIFF'S emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to PLAINTIFF. Providing PLAINTIFF with permission to take time off and then punishing her when she did, is an outrageous conduct that resulted in PLAINTIFF'S sever emotional distress.

45. DEFENDANTS were aware and/or should have been aware of the likelihood that PLAINTIFF would suffer severe emotional distress as a result of the above-described outrageous conduct. The outrageous and shocking conduct of DEFENDANTS was done intentionally and for

the purpose of inflicting upon PLAINTIFF extreme and severe emotional distress.

46. As a direct, foreseeable and legal result of DEFENDANTS' outrageous and unlawful acts, PLAINTIFF has suffered and will continue to suffer severe emotional distress including substantial pain and suffering, extreme and severe mental anguish, anxiety, embarrassment, humiliation, and attendant physical injuries and conditions. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47. DEFENDANTS committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring the PLAINTIFF, and/or in reckless disregard of PLAINTIFF'S rights or with a conscious disregard for PLAINTIFF'S rights and for the deleterious consequences of the DEFENDANTS' actions. DEFENDANTS committed, authorized, condoned and ratified the unlawful conduct of all its agents/employees named in this complaint. Consequently, PLAINTIFF is therefore entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

## V.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. All special damages, according to proof;
2. For economic damages according to proof;
3. For general damages in excess of $500,000;
4. For exemplary and punitive damages according to proof;
5. For attorneys' fees, interests, and costs;
6. Prejudgment interest at the prevailing legal rate; and
7. For such other and further relief as the Court deems just and proper.

///
///
///
///

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial of her claims by jury to the extent authorized by law.

Dated: June 27, 2022  **LAW OFFICES OF MARIBEL ULLRICH**

*Maribel B. Ullrich, Esq.*
Maribel B. Ullrich
Attorney for Plaintiff
MARIA D. TOCHIHUITL TEPOZ

11

COMPLAINT